Justice ALITO,
concurring in part and concurring in the judgment.
I join the opinion of the Court insofar as it holds that a bankruptcy judge’s resolution of a “Stem claim” * with the consent of the parties does not violate Article III of the Constitution. The Court faithfully applies Commodity Futures Trading Comm’n v. Schor, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). No one believes that an arbitrator exercises “[t]he judicial Power of the United States,” Art. III, § 1, in an ordinary, run-of-the mill arbitration. And whatever differences there may be between an arbitrator’s “decision” and a bankruptcy court’s “judgment,” those differences would seem to fall within the Court’s previous rejection of “formalistic and unbending rules.” Schor, supra, at 851, 106 S.Ct. 3245. Whatever one thinks of Schor, it is still the law of this Court, and the parties do not ask us to revisit it.
Unlike the Court, however, I would not decide whether consent may be implied. While the Bankruptcy Act just speaks of “consent,” 28 U.S.C. § 157(c)(2), the Federal Rules of Bankruptcy Procedure provide that “[i]n non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge’s order except with the express consent of the parties,” Rule 7012(b). When this Rule was promulgated, no one was thinking about a Stem claim. But now, assuming that Rule 7012(b) represents a permissible interpretation of § 157, the question arises whether a Stem claim should be treated as a non-core or core claim for purposes of the bankruptcy rules. See Executive Benefits Ins. Agency v. Arkison, 573 U.S. -, -, 134 S.Ct. 2165, 2172-2173, 189 L.Ed.2d 83 (2014) (holding that, for reasons of severability, a bankruptcy court should treat a Stem claim as a non-core claim).
There is no need to decide that question here. In this case, respondent forfeited any Stem objection by failing to present that argument properly in the courts below. Stem vindicates Article III, but that does not mean that Stem arguments are exempt from ordinary principles of appellate procedure. See B & B Hardware, *1950 Inc. v. Hargis Industries, Inc., — U.S. -, -, 135 S.Ct. 1293, 1304, 191 L.Ed.2d 222 (2015).

 See Stern v. Marshall, 564 U.S. -, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). A “Stem claim” is a claim that is “core” under the statute but yet "prohibited from proceeding in that way as a constitutional matter.” Executive Benefits Ins. Agency v. Arkison, 573 U.S. -, -, 134 S.Ct. 2165, 2170, 189 L.Ed.2d 83 (2014).